## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CAROL RUBINOW,
     Plaintiff,

     v.

No. 3:08-cv-01697 (SRU)

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.,
     Defendant.

### ORDER ON BILL OF COSTS

Plaintiff Carol Rubinow ("Rubinow") asks this court to review the Deputy Clerk's order on defendant's Renewed and Amended Bill of Costs (doc. # 101). Rubinow argues she is unable to pay the costs awarded regarding the initial lawsuit and attaches an affidavit documenting the financial hardship this suit has caused her. Defendant ("Boehringer") points to the federal and local rules that permit the court to award certain enumerated costs to a prevailing party. For the reasons set forth below, Rubinow is relieved of the costs of the initial lawsuit.

Federal Rule of Civil Procedure 54(d) provides in pertinent part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Further, the Local Rules allow the clerk to enter an order of costs to the prevailing party but provides that any party may "apply to the judge before whom the case was assigned for review of the clerk's ruling on the bill of costs." D. Conn. L. Civ. R. 54(d). A district court reviews the clerk's taxation of costs by exercising its own discretion to "decide the cost question [it]self." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (quoting *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964)). "The decision to award costs is committed to the sound discretion of the district court, and is accordingly

reviewed for abuse of discretion."  *Lerman v. Flynt Distrib. Co.*, 789 F.2d 164, 166 (2d Cir. 1986).

Boehringer is correct in that the costs it seeks from this court (court reporter fees, copying costs, and witness fees) are all encompassed within the scope of permissible reimbursement that may be awarded to a prevailing party under the federal and local rules.  *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987).  However, Boehringer is incorrect in arguing that Rubinow's current financial situation is not enough to disturb the "clerk's ruling."  (doc. #103).  The main case cited by Boehringer stands not for the proposition that the court must always award costs even in the face of financial hardship on the non-prevailing plaintiff, but instead unambiguously holds that the awarding of costs "is a matter reserved for the sound discretion of the trial judge. . . ."  *Berner v. British Commonwealth Pac. Airlines, Ltd.*, 362 F.2d 799, 801 (2d Cir. 1966).  The second case Boehringer cites is a non-binding Fifth Circuit Court of Appeals case that, again, stands for no more than the principle that a district court judge has broad discretion in awarding costs.  *See Washington v. Patlis*, 916 F.2d 1036, 1039-40 (5th Cir. 1990).  The only binding authority on this court clearly demonstrates that the awarding of costs to a prevailing party is not a rigid rule but instead rests solely within the discretion of the district judge to determine what is equitable in light of all the circumstances.  *See, e.g.*, *Farmer*, 379 at 233; *Fishgold v. Sullivan Dry Dock & Repair Co.*, 328 U.S. 275, 284 (1946); *Whitfield* 241 F.3d at 269; *Lerman*, 789 F.2d at 166.

Rubinow and Boehringer could not be more dissimilar in terms of resources or bargaining power.  Rubinow's inability to pay and Boehringer's ability to absorb this loss are reasonable factors for this court to consider in determining an award of specific costs. Rubinow's affidavit indicates that the she has paid more than $90,000 in legal fees, an amount

- 2 -

almost three times her annual income, and still needs to pay normal living expenses such as bills and a mortgage.  Further, this lawsuit has caused her to not only exhaust her entire 401K plan, but also accrue a substantial amount of debt.  Any extra fees will only serve to exacerbate the financial hardship she currently faces as result of this suit.  Contrary to what Boehringer implies in its opposition papers, Rubinow's failure to prevail on her claims does not equate to a lack of good faith in bringing the lawsuit.  For these reasons Rubinow is relieved of the obligation to pay the costs pertaining to the initial suit ($2,552.80).

Rubinow's Appeal of Order on Bill of Costs (doc. # 102) is **GRANTED**. Each party shall bear its own costs.

It is so ordered.

Dated at Bridgeport, Connecticut, this 14th day of August 2013.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge